See also: 951 F.Supp. 905.

Keith A. GJERSWOLD and Dorothy Gjerswold, Plaintiffs,

v.

AMERICAN LINEN SUPPLY COMPANY, a Delaware Corporation; American Uniform Company, a Minnesota Corporation; Steiner Corporation, a Nevada Corporation; Graniteville Company, a South Carolina Corporation, Defendants,

and

Richard W. SCHNELLBACH, Plaintiff,

v.

AMERICAN LINEN SUPPLY COMPANY, a Delaware Corporation; American Uniform Company, a Minnesota Corporation; Steiner Corporation, a Nevada Corporation; Graniteville Company, a South Carolina Corporation, Defendants.

Civil Nos. A2–94–117, A2–94–118.

United States District Court,
D. North Dakota,
Northeastern Division.

Jan. 2, 1997.

Grant H. Shaft, Shaft, Reiss, Ingstad & Shaft, Grand Forks, ND, for Keith and Dorothy Gjerswold, Richard Schnellbach.

Stephen W. Plambeck, Nilles, Hansen & Davies, Ltd., Fargo, ND, for American Linen Supply Co.

David J. Hogue, Pringle & Herigstad, P.C., Minot, ND, for American Uniform Co.

Gerald J. Haga, Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, ND, for Graniteville Corp.

Joel A. Flom, Jeffries, Olson, Flom & Hogan, P.A., Moorhead, MN, for Steiner Corp.

### MEMORANDUM AND ORDER

WEBB, Chief Judge.

Before the court is defendant Steiner's motion for summary judgment (docket # 122). Plaintiffs resist the motion. Defendant American Uniform Company has filed a brief in opposition to Steiner's motion (docket # 131). Defendant American Linen Supply Company has filed a brief in support of Steiner's motion, but requests dismissal only on specific grounds (docket # 136).

### FACTS

On October 3, 1990, plaintiff Keith Gjerswold, a Service Manager at Cummins Diesel in Grand Forks, North Dakota, was assisting Richard Schnellbach, a mechanic, in using a cutting torch to remove a muffler from the exhaust pipe of a diesel truck. An explosion occurred igniting Schnellbach's work coveralls and Gjerswold's work shirt and pants. Both were severely burned.

Gjerswold and Schnellbach (hereinafter "plaintiffs") commenced lawsuits alleging that the fabric used in the manufacture of the coveralls, work shirts, and work pants, had dangerous flammable characteristics, and that these characteristics were not communicated to their employer, Cummins Diesel. Plaintiffs brought actions, which have now been consolidated, against Graniteville

Company, the manufacturer of the fabric; American Uniform Company (hereinafter "American Uniform"), which purchased the fabric from Graniteville and used it in manufacturing the garments; and American Linen Supply Company (hereinafter "American Linen"), which purchased the garments from American Uniform Company and contracted with Cummins Diesel to supply its employees with coveralls, work shirts and pants. The plaintiffs' complaints were later amended to add the Steiner Corporation (hereinafter "Steiner"), which holds a fifty-percent stock ownership interest in American Uniform. The action is based on theories of negligence, strict liability, and breach of warranty. Mr. Gjerswold's wife, Dorothy Gjerswold, joins in the action alleging loss of consortium.

### SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is improper if the court finds a genuine issue of material fact; however, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion. *Vacca v. Viacom Broadcasting of Mo., Inc.,* 875 F.2d 1337, 1339 (8th Cir.1989). "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Id.* (quoting *Snell v. United States,* 680 F.2d 545, 547 (8th Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982)).

### DISCUSSION

Defendant Steiner has filed a motion for summary judgment arguing that it is not a "manufacturer" or a "seller" of the work clothing within the meaning of section 28–01.1–06 of the North Dakota Century Code, and therefore, plaintiffs' claims fail as a matter of law. In response, the plaintiffs argue

that the clear language of section 28–01.1–06 provides that Steiner is a "manufacturer" and a "seller" of the work clothing for purposes of this litigation.

Section 28–01.1–06.1 of the North Dakota Century Code outlines the limitation on liability available to defendants who are not manufacturers of a product in a strict products liability action. It provides in part:

(1) In any product liability action based in whole or in part on strict liability in tort commenced or maintained against a defendant other than the manufacturer, the defendant shall, upon answering or otherwise pleading, file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing the personal injury, death, or damage to property.

(2) After the plaintiff has filed a complaint against a manufacturer and the manufacturer has or is required to have answered or otherwise pleaded, the court shall order the dismissal of the claim against the certifying defendant, unless the plaintiff can show any of the following:

a. That the certifying defendant exercised some significant control over the design or manufacture of the product, or provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the personal injury, death, or damage to the property.

b. That the certifying defendant had actual knowledge of the defect in the product which caused the personal injury, death, or damage to the property.

c. That the certifying defendant created the defect in the product which caused the personal injury, death, or damage to the property. N.D.C.C. § 28–01.1–06.1.

The term "manufacturer" is defined as:

(1) "Manufacturer" means a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer. The term includes any seller of a product who is owned in whole or in significant part by the manufacturer or who owns, in whole or signifi-cant part, the manufacturer. N.D. Cent. Code § 28–01.1–06(1).

The term "seller" is defined as:

(3) "Seller" means any individual or entity, including a manufacturer, wholesaler, or distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption. N.D. Cent. Code § 28–01.1–06(3).

Therefore, a defendant that did not actually manufacture an injury-causing product is considered a "manufacturer" of the product for purposes of pending litigation if the defendant:

1. Was a "seller" of a product which is owned in whole or significant part by the "manufacturer;" or

2. Was a "seller" of a product that owns in whole or significant part the "manufacturer." *Id.*

The plaintiffs argue that Steiner is a "manufacturer" because it is a "seller" of work clothing similar to the work clothing that caused the plaintiffs' injuries, and it owns fifty-percent of American Uniform, the actual "manufacturer" of the work clothing. In response, Steiner argues that simply being a "seller" of related work clothing is not enough, and that it must have been a "seller" of the actual injury-causing work clothing to be held liable for its defects. Therefore, the question of whether plaintiffs' claims against Steiner can continue to trial requires this court to interpret and construe the definitions of "manufacturer" and "seller," contained in section 28–01.1–06.

■■■ Under North Dakota law, the "primary goal when construing a statute is to ascertain the Legislature's intent." *Berg Transport, Inc. v. North Dakota Workers Compensation Bureau,* 542 N.W.2d 729, 732 (N.D.1996). If the language of the statute is clear and unambiguous, the legislative intent is presumed clear on the face of the statute. *Born v. Mayers,* 514 N.W.2d 687, 689 (N.D. 1994). In this court's opinion, section 28–01.1–06 of the North Dakota Century Code is clear and unambiguous. Therefore, the answer to the question facing this court is to be

determined by analyzing the language of section 28–01.1–06 on its face.

■ To be successful in their claims against Steiner, the plaintiffs must prove that Steiner qualifies as "any seller of a product . . . who owns, in whole or significant part, the manufacturer." § 28–01.1–06(1). The key language for purposes of Steiner's motion is whether Steiner qualifies as "any seller of a product." Plaintiffs forcefully argue that "any seller of a product" clearly means a seller of any product, not necessarily the injury-causing product. They argue that if the North Dakota Legislature intended the phrase to mean only the actual injury-causing product, it would have used the phrase "any seller of *the* product." Plaintiffs further argue that Steiner's ownership interest in American Uniform, the actual manufacturer, is enough to tie Steiner to the plaintiffs' injuries for purposes of imposing liability, especially in light of the remedial purpose of North Dakota products liability law.

■ The problem with the plaintiffs' argument, as Steiner points out, is that the language of section 28–01.1–06 more clearly supports a finding that the defendant must have a direct relationship to the actual injury-causing product before being held liable for its defects. In this court's opinion, the phrase *"any* seller of *a* product" (emphasis added) does not mean *"any* seller of *any* product," as the North Dakota Legislature would have used that phrase if that result was intended. Instead, the Legislature's use of the phrase *"any* seller of *a* product," (emphasis added) clearly requires the defendant to not only be a "seller" pursuant to section 28–01.1–06(3), but also be within the chain of distribution of the actual injury-causing product before being subject to liability for its defects. The Legislature's intent is evidenced by the fact that it used the term "any" on two separate occasions in the definition provisions. § 28–01.1–06. First, the Legislature used the phrase "any product" when defining a "seller." § 28–01.1–06(3). Second, the Legislature used the phrase "any seller" when defining which "sellers" may be held liable as "manufactur-

ers." § 28–01.1–06(1). Furthermore, in this court's opinion, the Legislature intended to limit the scope of the phrase "a product" by using it for the first time in conjunction with the phrase "the product" in the definition of a "manufacturer." [1] Subsequent references to the phrase "a product" in the definition of a "manufacturer" clearly refer to "the product," or in other words, the actual injury-causing product.

In this case, it is undisputed that Steiner played no part in the distribution of the actual injury-causing work clothing and is only a named defendant because of its ownership interest in American Uniform. It was American Linen that purchased the injury-causing work clothing from American Uniform and distributed it to the plaintiffs' employer. Therefore, the language of the statute, along with the definitions contained therein, dictates that Steiner not be considered a "manufacturer" for purposes of this action. Because the court finds no other reason to keep Steiner as a named defendant, Steiner's motion for summary judgment is **GRANTED.**

### CONCLUSION

For the reasons stated above, defendant Steiner's motion for summary judgment (doc. # 122) is **GRANTED,** and plaintiffs' claims with respect to Steiner are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

---

1. *Id.* " 'Manufacturer' means a person or entity who designs, or otherwise prepares *a product* . . . prior to the sale of *the product* to a user or consumer." *Id.* (emphasis added).